**Anthony DIDIANA, Plaintiff–Appellant,**

v.

**PARBALL CORPORATION, a Nevada corporation, Defendant–Appellee.**

No. 10–17527.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 26, 2012.

Filed April 19, 2012.

Nicholas Lee Hamilton, Sharon L. Nelson, Nelson Law Firm, Las Vegas, NV, for Plaintiff–Appellant.

Deanna L. Forbush, Fox Rothschild LLP, Lisa J. Zastrow, Esquire, Kaempfer Crowell Renshaw Gronauer & Fiorentino, Las Vegas, NV, for Defendant–Appellee.

Before: McKEOWN, CLIFTON, and BYBEE, Circuit Judges.

MEMORANDUM *

Anthony DiDiana ("DiDiana") appeals the district court's grant of summary judgment in favor of Parball Corporation ("Parball"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

To prevail on his gender discrimination claim, DiDiana must either (1) present direct or circumstantial evidence of discrimination, or (2) satisfy the burden-shifting analysis described in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). To satisfy the burden shifting framework, DiDiana must make a prima facie case either by (1) presenting direct evidence of discrimination, or (2) presenting evidence satisfying each of four requirements described by our previous gender discrimination cases. *See, e.g., Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1156 (9th Cir. 2010); *Peterson v. Hewlett–Packard Co.*, 358 F.3d 599, 603 (9th Cir.2004). DiDiana does not satisfy these requirements.

DiDiana's proffered evidence did not conclusively show an intent to discriminate on the basis of gender. *See Vasquez v. County of Los Angeles*, 349 F.3d 634, 640 (9th Cir.2003) (direct evidence must prove a fact without "inference or presumption" (internal quotation marks omitted)). Nor did it satisfy the four-prong test for a prima facie case, which required DiDiana to show that (1) he belongs to a protected class; (2) he was performing to Parball's legitimate expectations; (3) he suffered an adverse employment action; and (4) similarly situated employees outside the protected class were treated more favorably or the circumstances gave rise to an inference of discrimination. *Hawn*, 615 F.3d at 1156. DiDiana did not satisfy this test because, even if cocktail servers were similarly situated employees, the evidence showed that a female employee actually caught misappropriating funds was terminated. He also was not performing to Parball's legitimate expectations.

Even if DiDiana could establish a prima facie case of gender discrimination, Parball offered a nondiscriminatory reason for his termination, and DiDiana failed to create a genuine issue of material fact regarding whether Parball's proffered reason was pretextual. *McDonnell Douglas*, 411 U.S. at 804, 93 S.Ct. 1817. Because "at least one other similarly situated employee ... was treated in a similar manner as [DiDiana]," that evidence negates "any showing of pretext" and therefore defeats DiDiana's claim. *Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1094 (9th Cir. 2001).

We also affirm the grant of summary judgment in favor of Parball on DiDiana's age discrimination claim. To prevail on a claim for age discrimination, DiDiana must prove at trial that age was the "but-for" cause of the employer's adverse action. *See Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 129 S.Ct. 2343, 2352, 174 L.Ed.2d 119 (2009). DiDiana misappropriated company funds on more than one occasion; no reasonable juror could find that this job performance was satisfactory and that age not only compelled the adverse employment action, but was the but-for cause of termination. *Id.*; *see also Diaz v. Eagle Prod. Ltd. P'ship*, 521 F.3d 1201, 1208 (9th Cir.2008). DiDiana's evidence fails to clear this high hurdle, even when evidence of Parball's age-based proposal is considered in the light most favorable to DiDiana. Therefore, the district court correctly

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

concluded that DiDiana failed to make a prima facie case for age discrimination.

AFFIRMED.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.